UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES NORMAN BONNER,

   Petitioner,

v.         Case No. 8:05-cv-506-T-17MAP

JAMES V. CROSBY, JR.,

   Respondent.

_____

**<u>AMENDED ORDER</u>**

This cause is before the Court upon a petition for writ of habeas corpus filed pursuant to Title 28, United States Code, Section 2254.  Petitioner is proceeding on his amended petition (Doc. No. 4) (hereinafter "Petition").  Petitioner challenges his sentence entered by the Circuit  Court for the Sixth Judicial Circuit, Pasco County, Florida.

Petitioner was convicted of sexual battery and was classified as a habitual violent felony offender and sentenced on January 19, 1993, to a total of 60 years in the

Department of Corrections. He was resentenced on August 21, 1998, to 30 years in the Department as a habitual violent felony offender.  On September 19, 2002, the court removed the habitual violent felony offender designation and sentenced defendant to 30 years in prison as a habitual offender.

In the present petition, Petitioner Bonner raises one ground for relief.  He claims that his Fifth and Fourteenth Amendment Rights under the United States Constitution, and his Article I, Section 9 Rights under the Florida Constitution were violated by the September 19, 2002 resentencing.  He alleges that after that resentencing, he argued in state court that application of the Florida Supreme Court's decision to impose habitual offender sentences against him violates due process because, at the time the present offenses were committed, on January 28, 1991, the Supreme Court's February 20, 1992, construction of the habitual offender statute eliminating the sequential conviction and sentencing requirement was unforeseeable and gave him no warning of the consequences of his actions.  That is, under the law at the time of Petitioner's crimes, Petitioner did not qualify for habitual offender sanctions and would have been eligible for a guidelines sentence subject to basic gaintime and a greatly reduced term of incarceration.  Therefore, he argues, Petitioner's sentence is illegal in violation of the State and Federal Constitutions.

Petitioner raised this claim in a Rule 3.00(a) motion to correct illegal sentence.  On October 24, 2004, the state trial court entered an order denying the motion:

> THIS MATTER came before this court on defendant's pro se Motion To Correct Illegal Sentence, filed pursuant to Fla. R. Crim. P. 3.800 on February 9, 2004.  The motion was filed in the court file and inadvertently not forwarded by the Clerk to the judge's office.  The defendant also filed a Motion To Rule on July 15, 2004, directed to the motion to correct illegal sentence. Upon review of the motions and the court files, this court finds the following:

The defendant was convicted of sexual battery and was classified as a habitual violent felony offender and sentenced on January 19, 1993 to a total of 60 years in the Department of Corrections.  He was re-sentenced on August 21, 1998, to 30 years in the Department as a habitual violent felony offender.  On September 19, 2002, the court removed the habitual violent felony offender designation and sentenced defendant to 30 years in prison as a habitual offender.

The defendant appears to argue that he did not have two sequential predicate convictions necessary to qualify him as a habitual felony offender when he committed the sexual batteries in January of 1991. The record, however, refutes the defendant's claim.  At his original sentencing in 1993, the state presented evidence that the defendant committed and was convicted of more than two felonies before he committed the sexual batteries.  See portion of transcript, attached as Exhibit A.  When he was re-sentenced in 1998, the state again presented evidence that the defendant had been previously convicted of more than two separate felony charges before committing the instant crimes.  The court found that the defendant qualified as a habitual felony offender.  See pp. 7-9 of transcript attached as Exhibit B.  When he was resentenced in 2002, the state introduced evidence of more than two of the defendant's separate prior felony convictions necessary to qualify him as a habitual felony offender.  Based on this evidence the court found him to be a habitual felony offender.  See Exhibit C.  Therefore, it is

ORDERED AND ADJUDGED that defendant's Motion To Correct Illegal Sentence is hereby Denied.

The state district court of appeal per curiam affirmed on February 2, 2005, in Case No. 2D04-4942.  Petitioner's motion for rehearing was denied as untimely on March 4, 2005.  (See attachments to Petition).

From the face of the Petition, it is clear that Petitioner has raised only state law sentencing issues which provide no basis for federal, constitutional habeas corpus relief. See Branan v. Booth, 861 F.2d 1507 (11th Cir. 1988) (per curiam).  Petitioner does not allege that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

A federal habeas petition may be entertained only on the ground that a

> petitioner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.  <u>Bronstein v. Wainwright</u>, 646 F.2d 1048, 1050 (5th Cir. Unit B June 1981).  State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases.  <u>Mendiola v. Estelle</u>, 635 F.2d 487, 489 (5th Cir. Unit A 1981).

<u>McCullough v. Singletary</u>, 967 F.2d 530, 535-36 (11th Cir. 1992), <u>cert</u>. <u>denied</u>, 113 S. Ct. 1423 (1993).

Petitioner Bonner seeks to have this Court review the state court's failure to adhere to its sentencing procedures.  Federal courts cannot review a state's failure to adhere to its own sentencing procedures, even if Petitioner sets out his claims as ones of equal protection or due process.  <u>Branan v. Booth</u>, 861 F.2d at 1508.

Furthermore,  because Bonner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  <u>Penry v. Johnson</u>, 532 U.S. 782, 792 (2001); <u>Henderson v. Campbell</u>, 353 F.3d 880, 889-90 (11th Cir. 2003); <u>Maharaj v. Sec'y of Dept. of Corrections</u>, 304 F.3d 1345, 1346 (11th Cir. 2002).  The AEDPA "establishes a more deferential standard of review of state habeas judgments," <u>Fugate v. Head</u>, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." <u>Bell v. Cone</u>, 535 U.S. 685, 693 (2002); <u>see</u>, <u>Bell v. Cone</u>, 2005 WL 123827 (U.S. Jan. 24, 2005) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]).   AEDPA is relevant to a review of this Petition.

Under AEDPA habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 123 S.Ct. 1848, 1852-53 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003); Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001). "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. Lockyer v. Andrade, 538 U.S.63, 71-72 (2003). Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. Mitchell v. Esparza, 124 S.Ct. 7, 10 (2003); Clark v. Crosby, 335 F.3d at 1308-10; Washington v. Crosby, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Mitchell v. Esparza, 124 S.Ct. at 10 (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). See also Price v. Vincent, 123 S.Ct. at 1853; Lockyer v. Andrade, 538 U.S. at 75-77. A state court decision does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme

Court precedent.  Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell v. Esparza, 124 S.Ct. at 10; Parker v. Secy of Dept. of Corrections, 331 F.3d at 775-76.

A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply.  Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000).  The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable.  Lockyer v. Andrade, 538 U.S. at 75-77; Williams, 529 U.S. at 409-10; Penry v. Johnson, 532 U.S. at 791-792; Woodford v. Visciotti 537 U.S. 19, 25 (2002); Mitchell v. Esparza, 124 S.Ct. at 11-12; Price v. Vincent, 123 S.Ct. at 1853.

A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91.  The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

Even if this Court could review Petitioner Bonner's claim, Petitioner Bonner has not met the AEDPA standard by present clear and convincing evidence to refute the state courts' findings.

Accordingly, the Court orders:

That Petitioner's petition for writ of habeas corpus is denied, with prejudice.  The

6

Clerk is directed to enter judgment against Petitioner and to close this case.

ORDERED in Tampa, Florida, on  April 28, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Pro se:  James Norman Bonner